ALEX BODNAR, PROSECUTOR-PETITIONER, v. FLORENCE PIPE FOUNDRY AND MACHINE COMPANY, DEFENDANT-RESPONDENT.

Submitted May 6, 1947—Decided July 19. 1947.

Before CASE, CHIEF JUSTICE, and Justices PARKER and BURLING.

For the prosecutor-petitioner, *George Pellettieri.*

For the defendant-respondent, *Robert Peacock.*

The opinion of the court was delivered by

BURLING, J.  This is a workmen's compensation case.  A writ of *certiorari* was granted to review the order of the Honorable Charles A. Rigg, Judge of the Court of Common Pleas of Burlington County and the resulting judgment. The determination and judgment of the Workmen's Compensation Bureau of the Department of Labor, awarding the prosecutor (employee) compensation, *inter alia,* for a partial permanent ten per cent. disability was set aside.  The amount of the award for partial permanent disability had accrued for fifty weeks at $20 per week or $1,000.

The sole question for determination is whether the prosecutor sustained the burden of proof by the preponderance of the credible testimony that he suffered a partial permanent disability of ten per cent. of total disability.

The two tribunals which passed upon the question arrived at opposite judgments upon the facts.  Whether they are in conflict or accord, it is our duty under the statute (*R. S.* 2:81–8 and 34:15–66) to determine the law and facts inde-

pendently of the finding thereon by the lower courts. *Beerman* v. *Public Service Co-ordinated Transport* (*Supreme Court,* 1939), 123 *N. J. L.* 479.

Accordingly we proceed to our duty to evaluate the testimony and determine the facts.

In the presentation of the prosecutor's case to the Bureau, he submitted his own testimony and the medical testimony of Dr. Urbaniak.

Prosecutor was fifty-eight years of age at the time of the hearing (May 27th, 1946) and was employed by the respondent as a laborer. During the course of his duties on May 11th, 1945, he was operating a grinding machine. The grinder on the machine struck him on the right side. It staggered him and he was knocked backward approximately ten feet from the machine and with assistance he raised himself and walked about one-half mile to the employer's first aid hospital. The grinder is a shaft about ten feet long, with three grinding wheels eight inches in diameter on the end. The prosecutor testified he was bothered by pain ever since the accident, which affected his sleep and comfort while lying on his right side and that he was not able to do heavy work.

The credibility of the prosecutor was impeached by the evidence presented by the respondent. The prosecutor remained away from his employment for a period of nine and three-sevenths weeks and was compensated for temporary disability during that period. He remained in the employment of the respondent from July 8th, 1945, until November 4th, 1945; of a total of 85 days, he worked 57. The record of his employment prior to the accident disclosed that he was not a steady worker, on the contrary, an erratic one; that he made no complaint when he returned to work of any illness or existing pain; that he quit his employment with the respondent and was not discharged as he contends; that after his return to work he did the same type of work as he had before the time of the accident and even of a more arduous character, such as the rolling of iron pipe, during which time he made no complaint to anyone in the employment of pain. He informed Dr. Carlander at the time of the physical examination that he had not worked since the accident.

So his veracity was shattered.

The entire medical testimony was not preponderately persuasive and determinative because its reception into evidence was by stipulation of the parties by written statements prepared by the physicians in lieu of appearance. This course may conserve the time and save the inconvenience of these witnesses but in cases involving sharp conflict of fact and medical opinion, appearance and submission to direct and cross-examination tends to more exacting, exhaustive and meticulous testimony and a better aid to the trier of the facts.

In this fashion the testimony of Dr. Henry S. Urbaniak was presented by the prosecutor. He examined the prosecutor on November 30th, 1945, and December 5th, 1945, and that as a result of x-rays taken under his direction on November 30th, 1945, there was disclosed evidence of healed fractures of the right fifth, sixth, seventh and eighth ribs and on examination he found that the prosecutor was tender over the lower eight ribs, posteriorly, anteriorly and in the axillary area on the right side. In his opinion he was suffering from the above mentioned fractured ribs and a traumatic intercostal neuritis and the pain resulting from this condition which was accentuated by his age caused him to have a 15% partial total permanent disability. Since pain is subjective and if the prosecutor's testimony is not to be accepted in this regard, then the opinion is not persuasive as it is to be noted that the doctor maintains that the permanent disability is based upon and created by pain.

The respondent offered the testimony of Dr. M. M. Schisler, who is the plant physician of the respondent, in the same manner. He examined the prosecutor within an hour following the injury at which time the prosecutor complained of soreness, but showed no outward evidence of having received a blow. However, after further complaint by the prosecutor this physician resorted to an x-ray examination and that did reveal fractured ribs. He expressed an opinion that the prosecutor had suffered no disability as a result of the injury and he had no permanent injury.

In the same manner the respondent offered the testimony of Dr. O. R. Carlander, an orthopedic physician. He made

an examination of the prosecutor on March 14th, 1946, more than ten months after the accident and found at that time tenderness over the right ribs in the midaxillary region from the fifth to the ninth ribs. Under his direction an x-ray examination was made at Cooper Hospital in Camden which showed the following: "There is now recalcification and good bony union of the right ribs from the fifth to the ninth inclusive." The doctor further stated that he did not feel any deformity of the ribs and offered this prognosis: "it appears that he should become all right eventually." "I consider that he has no permanent disability."

We are of the opinion that the prosecutor did not carry the burden of proof by the preponderance of credible testimony that he suffered a partial permanent disability of ten per cent. of total disability. The judgment of the Common Pleas Court is affirmed, with costs, and this results in the reversal of the judgment of the Workmen's Compensation Bureau.